In the Matter of STANLEY V. CANGRO et al., Petitioners, v. MARTIN P. CATHERWOOD, as Industrial Commissioner of the State of New York, Respondent.—

No opinion. Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur; Munder, Acting P. J., dissents and votes to annul the determination, with the following memorandum: The issue here, simply stated, is whether petitioners are within the purview of the prevailing wage provisions of section 220 of the Labor Law. They are employed as sanitation men by various municipalities in Nassau County. The respondent Commissioner has determined they are not within the purview of section 220, but in my opinion that determination is erroneous. The basis for my opinion is *Matter of Village of Port Chester* (*Catherwood-Bucci*) (21 A D 2d 964). There, the Third Department confirmed a determination of the Industrial Commissioner finding the employee-plaintiffs, many of whom were listed on the payrolls as "sanitation men" and performed chores identical to those performed by petitioners at bar, to be within the purview of the Labor Law and entitled to the prevailing wage. The Court of Appeals denied leave to appeal (15 N Y 2d 485) and certiorari was also denied (382 U. S. 818). Subsequently, the *Bucci* case again reached the Court of Appeals (*Bucci* v. *Village of Port Chester*, 22 N Y 2d 195), but at that time the sole question considered was whether the action had been timely commenced (see p. 197). The court answered that question in the affirmative and, in so doing, it seems to me, not only paved the way to final recovery of the prevailing wages, but necessarily confirmed the Commissioner's determination that the sanitation men were entitled to those wages. The court made clear that section 220 is to be liberally construed to carry out its beneficent purposes (p. 201). Many years prior to *Bucci*, in 1949, the Attorney-General recognized this same point, namely, that section 220 is to be liberally or broadly construed, when he found certain garbage pickers in the Village of Hempstead to be engaged in "public works" and thus within the purview of section 220 (1949 Opns. Atty. Gen. 161).

In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Appellant, Relative to Acquiring Title to Real Property in Orange County (Neversink Riparian Sections Nos. 4 and 5) for the Purpose of Providing Additional Water for the City of New York. MARGARET FERGUSON (Formerly CARMICHAEL) et al., Respondents.—

Martuscello, Acting P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.